## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREAT AMERICAN ALLIANCE INSURANCE COMPANY** | **NO.** |
| | **CIVIL ACTION** |
| **VERSUS** | |
| **MAISON ORLEANS PARTNERSHIP, A LOUSIANANA PARTNERSHIP IN COMMENDAM** | **JUDGE** **MAG. JUDGE** |

---

## COMPLAINT

Great American Alliance Insurance Company, Plaintiff, through its counsel of record, avers and states as follows:

## PARTIES

1.     Great American Alliance Insurance Company ("GAAIC" or "Plaintiff") is an insurance company that exists under the laws of the State of Ohio and is domiciled in that State.

2.     GAAIC has at all times described herein been authorized to do and doing business as an insurance company in the State of Louisiana.

3.     Bob Dean, Jr. is a natural person who, upon information and belief, is domiciled and resides in the state of Georgia.

4.     Maison Orleans Partnership in Commendam is a partnership in commendam organized and existing under the laws of the State of Louisiana, has been domiciled and maintained its principal place of business in that State, and is named as a Defendant herein.

5.     Upon information and belief, any limited or other direct or indirect partners of Defendant Maison Orleans Partnership in Commendam do not reside, exist, maintain a domicile and/or operate or have a principal place of business in the State of Ohio.

6.     The following entities are all limited liability companies that were formed and exist under the laws of the State of Louisiana, have and maintain their domicile and principal place of business in that State, and are named as Defendants herein: Maison De Ville Nursing Home of Harvey, LLC; Maison Orleans I, LLC; St. Elizabeth's Caring, LLC; PMNH, LLC; MOI, LLC; MDOH, LLC; MOII, LLC; RMNH, LLC; ST. EC, LLC; MDO, LLC; MD, LLC; CCHC, LLC; LHCC Contractors, LLC; Oak Park Properties, LLC; Opelousas Land Holding Company, LLC also known as Opelousas Land Holdings, LLC; Plaquemine Acquisition Holdings, LLC; Property Holding Company of Crescent City, LLC; BR Florida Street Property, LLC; CFAC Investments, LLC; DNGH, LLC; LA Land Holdings, LLC; Louisiana Health Care Consultants, LLC; Commerce Health Care, LLC; Park Place Healthcare, LLC; Uptown Healthcare Center, LLC; River Palms Nursing & Rehab, LLC; Louisiana Health Care Center, LLC; Louisiana Healthcare Consultants, LLC; and Oak Park Healthcare Center, LLC.

7.     Upon information and belief, any members of any of the limited liability companies listed and named as Defendants in the preceding paragraph do not reside, exist, maintain a domicile and/or operate or have a principal place of business in the State of Ohio or have any other direct or indirect members that do so.

8.     The following entities are all corporations that were formed and organized in the State of Louisiana, have and maintain their domicile and principal place of business in that State and are named as Defendants herein: Maison Orleans II Nursing Home, Inc., also known as Maison Orleans, Inc.; Plaquemine Manor Nursing Home, Inc.; Maison De Ville Nursing Home, Inc., also known as Maison De Ville Nursing Home of Houma, Inc.; Maison De Ville Nursing Home of Opelousas, Inc.; and Raceland Manor, Inc.

**JURSIDICTION**

9.      This Court has jurisdiction over this matter based on 28 U.S.C. § 1332 and any other applicable law because complete diversity of citizenship exists by and between: GAAIC and each Defendant; and GAAIC and each individual or corporation which is a member or direct or indirect owner of any Defendant that is a limited liability company.

10.      This Court has jurisdiction over this matter based on 28 U.S.C. § 1332 and any other applicable law because the amount in controversy between Plaintiff and Defendants exceeds the sum or value of $75,000, exclusive of interest and costs.

**VENUE**

11.      Venue is proper before this Court based on 28 U.S.C. § 1391(b) and/or any other applicable law because: Defendant Maison Orleans Partnership in Commendam has and maintains its domicile and mailing address in Arabi, Louisiana, according to the records of the Louisiana Secretary of State, which is within the jurisdiction limits of this Court; all other Defendants were formed and exist and maintain their domicile and/or principal place of business in the State of Louisiana; and/or upon information and belief, a substantial part of the events or omissions giving rise to GAAIC's claim occurred within the jurisdictional limits of this Court.

**COUNT I:  CLAIMS AGAINST LOSS FUND SIGNATORIES**

12.      On January 1, 2000, GAAIC's predecessor in interest, Great American Insurance Company, executed the Loss Fund and Security Agreement ("LFASA") that is attached hereto as Exhibit 1, with the following entities: Plaquemine Manor Nursing Home, Inc.; Maison De Ville Nursing Home, Inc., also known as Maison De Ville Nursing Home of Houma, Inc..; Maison Orleans Partnership in Commendam; Maison Orleans II Nursing Home, Inc., also known as

Maison Orleans, Inc.; Maison De Ville Nursing Home of Opelousas, Inc.; Raceland Manor, Inc.; Maison De Ville Nursing Home of Harvey, LLC; St. Elizabeth's Caring, LLC; PMNH, LLC; MOI, LLC; MDOH, LLC; MOII, LLC; RMNH, LLC; ST. EC, LLC; MDO, LLC; and MD, LLC.

13.     GAAIC's predecessor in interest, Great American Insurance Company, thereafter executed Amendment No. 1 to the Loss Fund and Security Agreement ("Amendment No. 1") that is attached hereto as Exhibit 2 with the entities listed and referenced in the preceding paragraph of this Complaint.

14.     GAAIC's predecessor in interest, Great American Insurance Company, thereafter executed Amendment No. 2 to the Loss Fund and Security Agreement ("Amendment No. 2") that is attached hereto as Exhibit 3, with the entities listed and referenced in the preceding paragraph of this Complaint, along with Louisiana Healthcare Consultants, LLC; Louisiana Health Care Center, LLC; and Oak Park Healthcare Center, LLC.

15.     Any Defendant that is a party to the LFASA and/or any amendment thereto may be collectively referred to herein as the "LFASA Defendants" and in any combination or individually as "any LFASA Defendant."

16.     On or about March 22, 2009, GAAIC executed Amendment No. 3 to the Loss Fund and Security Agreement ("Amendment No. 3") that is attached hereto as Exhibit 4, with the entities listed and referenced in the preceding paragraph of this Complaint.

17.     The original Loss Fund and Security Agreement, Amendment No. 1, Amendment No. 2 and Amendment No. 3 may be jointly and collectively referred to herein as the "Agreement" and the terms "Policyholder" and "Insured" as used and defined in that Agreement include all LFASA Defendants.

18.    Effective March 22, 2009, the date of Amendment No. 3, the term "Insurer" was amended to include all or any of the following named companies: Great American Insurance Company; Great American Alliance Insurance Company; Great American Assurance Company; and Great American Insurance Company of New York.

19.    The insurers listed and named in the preceding paragraph of this Complaint may be jointly referred to herein as the "General American Insurers" or collectively, in any combination and/or individually as "any General American Insurer."

20.    GAAIC is the successor in interest to the other Great American Insurers listed in the two preceding paragraphs.

21.    Effective March 22, 2009, the date of Amendment No. 3, the LFASA Defendants further agreed that "all rights and duties of the Insurer under the Agreement are hereby assigned to any or all of the Insurers listed" or referenced in the two preceding paragraphs of this Complaint.

22.    Paragraph 3 of Amendment No. 3 states: "Policyholder hereby agrees and consents to the assignment of the Agreement as set forth herein."

23.    Paragraph 3 of Amendment No. 3 states: "Other than as modified by this Amendment No. 3, the Agreement remains in full force and effect."

24.    The Agreement required the LFASA Defendants to furnish, maintain, provide and renew the security described therein for the benefit of any Great American Insurer that issued any Workers' Compensation and Employers' Liability policies to or for the benefit of any LFASA Defendant.

25.     The LFASA Defendants agreed to be jointly and severally obligated to the Great American Insurers for any and all liabilities, indebtedness, claims and amounts which may now or hereafter be owed by, or the responsibility of, any LFASA Defendant in connection with the Agreement and/or any premiums and other amounts due with respect to any Workers' Compensation and Employers' Liability policies issued by any Great American Insurer to or for the benefit of any LFASA Defendant.

26.     Defendants breached the Agreement by failing to furnish the security and perform the other obligations described therein with respect to the following Workers' Compensation and Employers' Liability policies issued by GAAIC and bearing the following policy numbers: WC 3568938F 13; WC 3568938F 18-00; WC 3568938F 19-00; and WC 3568938F 20-00.    The foregoing policies may be jointly referred to herein as the "Great American Policies" or collectively, in any combination and/or individually as "any General American Policy."

27.     In accordance with the Agreement, the amount of $20.29 was owing and due to Plaintiff by Defendants as joint and several obligors in connection with Policy No. WC 3568938F 13, as of July 1, 2024.

28.     In accordance with the Agreement, the amount of $2,102.81 is owing and due to Plaintiff by Defendants as joint and several obligors in connection with Policy No. WC 3568938F 18-00, as of July 1, 2024.

29.     In accordance with the Agreement, the amount of $71,002.46 is owing and due to Plaintiff by Defendants as joint and several obligors in connection with Policy No. WC 3568938F 19-00, as of July 1, 2024.

30.     In accordance with the Agreement, the amount of $577,013.32 is owing and due to Plaintiff by Defendants as joint and several obligors in connection with Policy No. WC 3568938F 20-00, as of July 1, 2024.

31.     In accordance with the Agreement, the total amount owing and due to Plaintiff by Defendants as joint and several obligors in connection with the Great American Policies equals $650,138.88, as of July 1, 2024.

32.     Upon information and belief, after July 1, 2024, Plaintiff will continue to pay and incur amounts in connection with all of any of the Great American Policies, which additional amounts shall be owing and due Plaintiff by the LFASA Defendants as joint and several obligors, in accordance with the Agreement.

33.     In accordance with the Agreement, the LFASA Defendants are obligated as joint and several obligors to indemnify and hold Plaintiff harmless from any and all liability, loss and expense, including reasonable attorneys' fees that Plaintiff may incur by reason of any LFASA Defendants' failure to discharge any responsibilities and obligations due or owed to Plaintiff pursuant to the Agreement.

## COUNT II:  CLAIMS AGAINST OTHER SCHEDULED INSUREDS

34.     On or about April 1, 2014, GAAIC issued a Workers' Compensation and Employers' Liability policy, bearing Policy No. WC 3568938 13 ("2013 Policy").

35.     The 2013 Policy includes a Schedule of Named Insureds listing the following entities, which are also named as Defendants herein: CHCC, LLC; LHCC Contractors, LLC; Louisiana Health Care Consultants, LLC; Louisiana Health Care Nursing Home Group; Maison De Ville Nursing Home of Harvey, LLC; Maison De Ville Nursing Home, Inc., also known as Maison De Ville Nursing Home of Houma, Inc.; Maison De Ville Nursing Home of Opelousas,

Inc.; Maison Orleans Partnership; Maison Orleans I, LLC; Maison Orleans II Nursing Home, Inc.,
also known as Maison Orleans, Inc.; MD, LLC; MDO, LLC; MDOH, LLC; MOI, LLC; MOII,
LLC; Oak Park Healthcare Center, LLC; Oak Park Properties, LLC; Opelousas Land Holding
Company, LLC also known as Opelousas Land Holdings, LLC; Plaquemine Acquisition Holdings,
LLC; Plaquemine Manor Nursing Home, Inc.; PMHN, LLC; Property Holding Company of
Crescent City, LLC; Raceland Manor, Inc.; RMNH, LLC; St. Elizabeth's Caring, LLC; ST. EC,
LLC; and Uptown Healthcare Center, LLC.

36.     Section A of the 2013 Policy states: "This policy includes at its effective date the
Information Page and all endorsements and schedules listed there."

37.     The Premium Endorsement bearing No. 00-04-19 issued in connection with the
2013 Policy states: "You will pay all premium when due. You will pay the premium even if part
or all of a workers compensation law is not valid. The due date for audit and retrospective
premiums is the date of the billing."

38.     Section E of Part Five of the 2013 Policy states: "The premium shown on the
Information Page, schedules, and endorsements is an estimate. The final premium will be
determined after this policy ends by using the actual, not the estimated, premium basis and the
proper classifications and rates that lawfully apply to the business and work covered by this policy.
If the final premium is more than the premium you paid to us, you must pay us the balance."

39.     In accordance with the Premium Endorsement issued with the 2013 Policy, any
Defendants listed as Scheduled Insureds therein agreed to be jointly and severally liable for
premiums now or hereafter owed by, or the responsibility of, any Defendant listed as a Scheduled
Insured under the 2013 Policy.

40.     In connection with the 2013 Policy, the amount of $20.29 is owing and due to Plaintiff by the Defendants listed as Scheduled Insureds under the 2013 Policy, as joint and several obligors, as of July 1, 2024.

41.     On or about March 20, 2019, GAAIC issued a Workers' Compensation and Employers' Liability policy, bearing Policy No. WC 3568938 18 ("2018 Policy").

42.     The 2018 Policy includes a Schedule of Named Insureds listing the following entities, who are also named as Defendants herein: BR Florida Street Property, LLC; CHCC, LLC; CFAC Investments, LLC; DNGH, LLC; LA Land Holdings, LLC; LHCC Contractors, LLC; Louisiana Health Care Consultants, LLC; Louisiana Health Care Nursing Home Group; Maison De Ville Nursing Home of Harvey, LLC; Maison De Ville Nursing Home, Inc., also known as Maison De Ville Nursing Home of Houma, Inc.; Maison De Ville Nursing Home of Opelousas, Inc.; Maison Orleans I, LLC; Maison Orleans II Nursing Home, Inc., also known as Maison Orleans, Inc.; Maison Orleans Partnership in Commendam; MD, LLC; MDO, LLC; MDOH, LLC; MOI, LLC; MOII, LLC; Oak Park Healthcare Center, LLC; Oak Park Properties, LLC; Opelousas Land Holding Company, LLC also known as Opelousas Land Holdings, LLC; Plaquemine Acquisition Holdings, LLC; Plaquemine Manor Nursing Home, Inc.; PMHN, LLC; Property Holding Company of Crescent City, LLC; Raceland Manor, Inc.; River Palms Nursing & Rehab, LLC; RMNH, LLC; St. Elizabeth's Caring, LLC; ST. EC, LLC; and Uptown Healthcare Center, LLC.

43.     Section A of the 2018 Policy states: "This policy includes at its effective date the Information Page and all endorsements and schedules listed there."

44.     The Premium Endorsement bearing No. 00-04-19 issued in connection with the 2018 Policy states: "You will pay all premium when due. You will pay the premium even if part

or all of a workers compensation law is not valid. The due date for audit and retrospective premiums is the date of the billing."

45.    Section E of Part Five of the 2018 Policy states: "The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance."

46.    In accordance with the Premium Endorsement issued with the 2018 Policy, any Defendants listed as Scheduled Insureds therein agreed to be jointly and severally liable for premiums now or hereafter owed by, or the responsibility of, any Defendants listed as a Scheduled Insured under the 2018 Policy.

47.    In connection with the 2018 Policy, the amount of $2,102.81 is owing and due to Plaintiff by any Defendants listed as Scheduled Insureds under the 2018 Policy, as joint and several obligors, as of July 1, 2024.

48.    On or about March 20, 2020, GAAIC issued a Workers' Compensation and Employers' Liability policy, bearing Policy No. WC 3568938 19 ("2019 Policy").

49.    The 2019 Policy includes all Defendants referenced and listed in Paragraph 41 of Count II of this Complaint.

50.    Section A of the 2019 Policy states: "This policy includes at its effective date the Information Page and all endorsements and schedules listed there."

51.    The Premium Endorsement bearing No. 00-04-19 issued in connection with the 2019 Policy states: "You will pay all premium when due. You will pay the premium even if part

or all of a workers compensation law is not valid. The due date for audit and retrospective premiums is the date of the billing."

52.    Section E of Part Five of the 2019 Policy states: "The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance."

53.    In accordance with the Premium Endorsement issued with the 2019 Policy, Defendants listed as Scheduled Insureds therein agreed to be jointly and severally liable for premiums now or hereafter owed by, or the responsibility of, any Defendant listed as a Scheduled Insured under the 2019 Policy.

54.    In connection with the 2019 Policy, the amount of $71,002.46 is owing and due to Plaintiff by the Defendants listed as Scheduled Insureds under the 2019 Policy, as joint and several obligors, as of July 1, 2024.

55.    On or about March 30, 2021, GAAIC issued a Workers' Compensation and Employers' Liability policy, bearing Policy No. WC 3568938 20 ("2020 Policy").

56.    The 2020 Policy includes a Schedule of Named Insureds that lists the following entities, which are also named as Defendants herein: BR Florida Street Property, LLC; CHCC, LLC; CFAC Investments, LLC; Commerce Health Care, LLC; DNGH, LLC; LA Land Holdings, LLC; LHCC Contractors, LLC; Louisiana Health Care Consultants, LLC; Louisiana Health Care Nursing Home Group; Maison De Ville Nursing Home of Harvey, LLC; Maison De Ville Nursing Home, Inc., also known as Maison De Ville Nursing Home of Houma, Inc.; Maison De Ville Nursing Home of Opelousas, Inc.; Maison Orleans I, LLC; Maison Orleans II Nursing Home, Inc.,

also known as Maison Orleans, Inc.; Maison Orleans Partnership in Commendam; MD, LLC; MDO, LLC; MDOH, LLC; MOI, LLC; MOII, LLC; Oak Park Healthcare Center, LLC; Oak Park Properties, LLC; Opelousas Land Holding Company, LLC also known as Opelousas Land Holdings, LLC; Park Place Healthcare, LLC; Plaquemine Acquisition Holdings, LLC; Plaquemine Manor Nursing Home, Inc.; PMHN, LLC; Property Holding Company of Crescent City, LLC; Raceland Manor, Inc.; River Palms Nursing & Rehab, LLC; RMNH, LLC; St. Elizabeth's Caring, LLC; ST. EC, LLC; and Uptown Healthcare Center, LLC.

57.     Section A of the 2020 Policy states: "This policy includes at its effective date the Information Page and all endorsements and schedules listed there."

58.     The Premium Endorsement bearing No. 00-04-19 issued in connection with the 2020 Policy states: "You will pay all premium when due. You will pay the premium even if part or all of a workers compensation law is not valid. The due date for audit and retrospective premiums is the date of the billing."

59.     Section E of Part Five of the 2020 Policy states: "The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance."

60.     In accordance with the Premium Endorsement issued with the 2020 Policy, Defendants listed as a Scheduled Insureds therein agreed to be jointly and severally liable for premiums now or hereafter owed by, or the responsibility of, any Defendant listed as a Scheduled Insured under the 2020 Policy.

61.    In connection with the 2020 Policy, the amount of $577,013.32 is owing and due to Plaintiff by the Defendants listed as Scheduled Insureds under the 2020 Policy, as joint and several obligors, as of July 1, 2024.

62.    The 2013 Policy, 2018 Policy, 2019 Policy, and 2020 Policy may be jointly referred to herein as the "Great American Policies".

63.    The total amount owing and due to Plaintiff by Defendants as joint and several obligors in connection with the Great American Policies equals $650,138.88, as of July 1, 2024.

64.    Upon information and belief, after July 1, 2024, Plaintiff will continue to pay and incur amounts in connection with all of any of the Great American Policies, which additional amounts shall be owing and due to Plaintiff by Defendants as joint and several obligors, in accordance with the Agreement.

65.    In accordance with the Great American Policies, Defendants are obligated as joint and several obligors to indemnify and hold Plaintiffs harmless from any and all liability, loss and expense, including reasonable attorneys' fees that Plaintiff may incur by reason of any Defendants' failure to discharge any responsibilities and obligations due or owed to Plaintiff pursuant to the Agreement.

### COUNT III:  SINGLE BUSINESS ENTERPRISE AND ALTER EGO CLAIMS AGAINST BOB DEAN, JR.

66.    Plaintiffs reallege and incorporate Count I and Count II of this Complaint.

67.    Upon information and belief, Bob Dean, Jr. has, at all relevant times, managed and handled the business and affairs of all aforementioned entities ("Defendant Entities"), named as Defendants herein, as a single business enterprise.

68.    According to the records of the Louisiana Secretary of State, Bob Dean, Jr., serves as the managing member or officer for each Defendant Entity.

69.    According to the records of the Louisiana Secretary of State, Defendant Entities share a common corporation, mailing, or other listed address with each other and Bob Dean, Jr.

70.    According to the records of the Louisiana Secretary of State, Defendant Entities share a common registered agent.

71.    According to the records of the Louisiana Secretary of State, Defendant Entities represent excessive business fragmentation, further establishing their operation as a single business enterprise.

72.    Upon information and belief, all Defendant Entities have, at all relevant times, had common and interrelated ownership by Bob Dean, Jr., through his direct or indirect controlling interests.

73.    Upon information and belief, Defendant Entities have, at all relevant times, received and conducted business as directed and controlled by Bob Dean, Jr.

74.    Upon information and belief, Bob Dean, Jr. conducted the business affairs of the Defendant Entities and other individuals under his direction who performed services for those interrelated entities.

75.    Upon information and belief, Defendant Entities were, at all relevant times, alter egos of Bob Dean, Jr., in his personal and individual capacity.

76.    Upon information and belief, Defendant Entities have, at all relevant times, been organized and controlled by Bob Dean, Jr. as instrumentalities and adjuncts that he used for his personal interest, advantage, and gain.

77.      Bob Dean, Jr. and Defendant Entities have wrongfully suggested and/or represented actual separateness of entities, by and through the formation of separate juridical entities, when together they are engaged in the same business and other operation, are subjected to overall operational and actual control by Bob Dean, Jr., and share a common corporation address, member or manager, and designated representatives.

78.      As an alter ego of Defendant Entities, Bob Dean, Jr., is joint and severally liable for the debts, obligations, and liabilities of Defendant Entities.

**WHEREFORE**, Great American Alliance Insurance Company, Plaintiff, through its counsel of record, prays and requests that its Complaint be deemed to be good and sufficient, and, after due proceedings, that judgment be entered and rendered in favor of Plaintiff and against Plaquemine Manor Nursing Home, Inc., Maison De Ville Nursing Home, Inc., also known as Maison De Ville Nursing Home of Houma, Inc., Maison Orleans Partnership in Commendam, Maison Orleans II Nursing Home, Inc., also known as Maison Orleans, Inc., Maison De Ville Nursing Home of Opelousas, Inc., Raceland Manor, Inc., Maison De Ville Nursing Home of Harvey, LLC, St. Elizabeth's Caring, LLC, PMNH, LLC, MOI, LLC, MDOH, LLC, MOII, LLC, RMNH, LLC, ST. EC, LLC, MDO, LLC and MD, LLC, Louisiana Healthcare Consultants, LLC, Louisiana Health Care Center, LLC, Oak Park Healthcare Center, LLC, and/or Bob Dean, Jr., as joint and several or solidary obligors, in the amount of $650,138.88, as of July 1, 2024, plus any and all other amounts that may now be owing and due, or that may hereafter become owing and due, by Defendants to Plaintiff in connection with the Agreement, as well as attorney's fees and interest on any such amounts from the date any such amount became due or as otherwise as allowed by law, and further casting and taxing Defendants with all costs. In the alternative, Great American Alliance Insurance Company respectfully requests that the Court enter judgment granting any

other relief to Plaintiff and against all and/or any Defendants that may be just and appropriate under the premises and allowed by law.

Respectfully submitted,

*/s/ George D. Fagan*

**GEORGE D. FAGAN, T.A. (#14260)**
**ALEX P. TILLING (#29686)**
**JESSICA A. LONGACRE (#41319)**
**Leake & Andersson LLP**
1100 Poydras Street, Suite 1700
New Orleans, LA 70163-1701
Telephone:    (504) 585-7500
Facsimile:    (504) 585-7775
Email:  *gfagan@leakeandersson.com*
           *atilling@leakeandersson.com*
           *jlongacre@leakeandersson.com*

***Attorneys for Plaintiff,***
***Great American Alliance Insurance***
***Company***

**[Requests for the Issuance of Summons on the Next Page]**

**<u>PLEASE ISSUE SUMMONS TO</u>:**

Bob Dean, Jr.
1924 Crest Highway
Thomaston, GA 30286

Louisiana Health Care Consultants, LLC
Through its Registered Agent:
John Andrishok
450 Laurel Street, Suite 800
Baton Rouge, LA 70801

Maison De'Ville Nursing Home, Inc., also known as
Maison De'Ville Nursing Home of Houma, Inc.
Through its Registered Agent:
John Andrishok
450 Laurel Street, Suite 800
Baton Rouge, LA 70801

Maison De'ville Nursing Home of Harvey, LLC
Through its Registered Agent:
John Andrishok
450 Laurel Street, Suite 800
Baton Rouge, LA 70801

Maison De'Ville Nursing Home of Opelousas, Inc.
Through its Corporate Officer:
Bob G. Dean, Jr.
343 Third Street, Suite 600
Baton Rouge, LA 70801

Maison Orleans I, LLC
Through its Corporate Officer:
Bob G. Dean, Jr.
343 Third Street, Suite 600
Baton Rouge, LA 70801-1309

Maison Orleans II, Inc.
Through its Corporate Officer:
Bobby G. Dean, Jr.
3465 East Lake Shore Drive
Baton Rouge, LA 70808

Maison Orleans Partnership in Commendam
Through its Corporate Officer:
Bob Dean, Jr.
343 Third Street, Suite 600
Baton Rouge, LA 70801

MD, LLC
Through its Registered Agent:
Richard Rachal
43574 Hodgeson Road
Prairieville, LA 70769

MDO, LLC
Through its Corporate Officer:
Bob G. Dean, Jr.
343 Third Street, Suite 600
Baton Rouge, LA 70801

MDOH, LLC
Through its Corporate Officer:
Bob G. Dean, Jr.
343 Third Street, Suite 600
Baton Rouge, LA 70801

MOI, LLC
Through its Corporate Officer:
Bob G. Dean, Jr.
343 Third Street, Suite 600
Baton Rouge, LA 70801

MOII, LLC
Through its Corporate Officer:
Bob G. Dean, Jr.
343 Third Street, Suite 600
Baton Rouge, LA 70801

Oak Park Health Care Center, LLC
Through its Corporate Officer:
Bob G. Dean, Jr.
343 Third Street, Suite 600
Baton Rouge, LA 70801

Plaquemine Manor Nursing Homes, Inc.
Through its Corporate Officer:
Bob G. Dean, Jr.
3465 E. Lakeshore
Baton Rouge, LA 70808

PMNH, LLC
Through its Corporate Officer:
Bob G. Dean, Jr.
343 Third Street, Suite 600
Baton Rouge, LA 70801

Raceland Manor Nursing Home, Inc.
Through its Registered Agent:
John Andrishok
450 Laurel Street, Suite 800
Baton Rouge, LA 70801

RMNH, LLC
Through its Corporate Officer:
Bob G. Dean, Jr.
343 Third Street, Suite 600
Baton Rouge, LA 70801

St. Elizabeth's Caring, LLC
Through its Registered Agent:
John Andrishok
450 Laurel Street, Suite 800
Baton Rouge, LA 70801

CCHC, LLC
Through its Corporate Officer:
Bob Dean
343 Third Street, Suite 600
Baton Rouge, LA 70801

LHCC Contractors, LLC
Through its Corporate Officer:
Bob G. Dean, Jr.
343 Third Street, Suite 600
Baton Rouge, LA 70801

Oak Park Properties, LLC
Through its Corporate Officer:
Bob G. Dean, Jr.
343 Third Street, Suite 600
Baton Rouge, LA 70801

Plaquemine Acquisition Holdings, LLC
Through its Corporate Officer:
Bob G. Dean
343 Third Street, Suite 600
Baton Rouge, LA 70801

Property Holding Company of Crescent City, LLC
Through its Corporate Officer:
Bob Dean
343 Third Street, Suite 600
Baton Rouge, LA 70801

ST. EC, LLC
Through its Corporate Officer:
Bob G. Dean, Jr.
343 Third Street, Suite 600
Baton Rouge, LA 70801

Uptown Healthcare Center, LLC
Through its Registered Agent:
John Andrishok
450 Laurel Street, Suite 800
Baton Rouge, LA 70801

BR Florida Street Property, LLC
Through its Registered Agent:
John Andrishok
450 Laurel Street, Suite 800
Baton Rouge, LA 70801

CFAC Investments, LLC
Through its Corporate Officer:
Bob Dean
343 Third Street, Suite 600
Baton Rouge, LA 70801

DNHG, LLC
Through its Corporate Officer:
Bob G. Dean, Jr.
343 Third Street, Suite 600
Baton Rouge, LA 70801

LA Land Holdings, LLC
Through its Corporate Officer:
Bob Dean, Jr.
343 Third Street, Suite 600
Baton Rouge, LA 70801

River Palms Nursing & Rehab, LLC
Through its Registered Agent:
John Andrishok
450 Laurel Street, Suite 800
Baton Rouge, LA 70801

Opelousas Land Holding Company, LLC,
also known as Opelousas Land Holdings, LLC
Through its Corporate Officer:
Bob G. Dean, Jr.
343 Third Street, Suite 600
Baton Rouge, LA 70801

Commerce Healthcare, LLC
Through its Corporate Officer:
Bob G. Dean, Jr.
343 Third Street, Suite 600
Baton Rouge, LA 70801

Park Place Healthcare, LLC
Through its Registered Agent:
John Andrishok
450 Laurel Street, Suite 800
Baton Rouge, LA 70801